NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

|  |  |  |
|---|---|---|
| **PEARLINE MARTIN,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 11-0464 (ES)** |
| | : | |
| | : | |
| **v.** | : | |
| | : | **REPORT & RECOMMENDATION** |
| **TARGET CORPPORATION** | : | |
| **OF MINNESOTA, et al.** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |
| _____: | | |

**WALDOR, United States Magistrate Judge**

       Currently before this Court is a motion by Defendant Target Corporation of Minnesota ("Target" or "Defendant") to enforce an oral settlement agreement against Pearline Martin ("Plaintiff") ("Motion," Dkt. No. 19). Plaintiff opposes the Motion and seeks an order returning the matter to the Court's active trial calendar. ("Opposition," Dkt. No. 26). United States District Judge Esther Salas referred the Motion to the undersigned for a Report and Recommendation. Having considered the parties' submissions, the Court decides the Motion without oral argument pursuant to FED. R. CIV. P. 78. For the reasons set forth below, it is respectfully recommended that Defendant's Motion be **GRANTED** as it relates to enforcing the settlement and **DENIED** as it relates to costs and fees associated with filing the Motion.

## I. **Background**

Plaintiff commenced this premises liability action on or about December 1, 2010 in the Superior Court of New Jersey, Law Division, Middlesex County.  (See Dkt. No. 1).  The action was subsequently removed on the basis of diversity to this Court.  (Id.).  On May 1, 2012, this Court held a lengthy in-person settlement conference.  (Motion at 4).  Present at the conference were Plaintiff Pearline Martin, her daughter Samantha Martin, then Plaintiff's counsel Raymond Londa, Esq., counsel for Target Christopher E. McIntyre, Esq., and Logan Jaka on behalf of the Target.  ("Transcript," Dkt. No. 17).  The parties reached an oral agreement settling the action, the terms of which were put on the record to the extent a term did not implicate the joint confidentially agreement.  (Id.).   On May 7, 2012, Judge Salas entered an Order conditionally closing the action as settled, dismissing the action without prejudice for sixty days, and retaining jurisdiction over the settlement agreement to enforce its terms.  ("Order," Dkt. No. 13).  On May 24, 2012, Raymond Londa, Esq. forwarded correspondence to Defendant stating that Plaintiff has refused to exchange settlement documents and has repudiated the settlement agreement. (Motion at 5.).

On June 25, 2012, this Court held an in-person conference where Plaintiff, against the advice of her counsel, refused to sign any release and wanted to proceed to trial. (Id.).  Due to an apparent conflict between Plaintiff and her counsel, Raymond Londa, Esq., the Court granted permission for Mr. Londa to withdraw.   (Id.).  Likewise, the Court granted leave for Defendant to file a motion to enforcement the terms of the settlement. (Id.).

## II.   <u>Legal Analysis</u>

"[A]n agreement to settle a law suit, voluntarily entered into, is binding upon the parties...." <u>Green v. John H. Lewis & Co.</u>, 436 F.2d 389, 390 (3d Cir.1970).   In New Jersey, a settlement agreement between parties to a lawsuit is a binding legal contract. <u>Nolan v. Lee Ho</u>, 120 N.J. 465, 472, 577 A.2d 143 (1990) (citations omitted).   As such, a federal court shall apply state law to the construction and enforcement of a settlement agreement. <u>Excelsior Ins. Co. v. Pennsbury Pain Ctr.</u>, 975 F.Supp. 342, 348 (D.N.J.1996). An oral settlement agreement need not be made in the presence of the court nor reduced to writing in order to have legal effect. <u>United States v. Lightman</u>, 988 F.Supp. 448, 459 (D.N.J.1998); <u>see also</u> <u>Pascarella v. Bruck</u>, 190 N.J.Super. 118, 462 A.2d 186, 189 (N.J.App.Div.1983).

New Jersey courts generally disallow vacating settlement agreements absent a showing of fraud, mutual mistake, or other compelling circumstances. <u>Nolan</u>, 120 N.J. at 472, 577 A.2d 143. Before vacating a settlement agreement, New Jersey courts require "'clear and convincing proof' that the agreement should be vacated." <u>Id.</u> (citing <u>DeCaro v. DeCaro</u>, 13 N.J. 36, 42, 97 A.2d 658 (1953)); <u>see also</u> <u>Brundage v. Estate of Carambio</u>, 195 N.J. 575, 601, 951 A.2d 947 (2008) ("settlements will usually be honored 'absent compelling circumstances'"). However, "[i]f a settlement agreement is achieved through coercion, deception, fraud, undue pressure, or unseemly conduct, or if one party was not competent to voluntarily consent thereto, the settlement agreement must be set aside." <u>Brundage</u>, 195 N.J. at 600, 951 A.2d 947.   Competence to voluntarily consent to an agreement exists where a person has "the ability to understand the nature and effect of the act in which he is engaged, and the business he is transacting." <u>Jennings v. Reed</u>, 381 N.J.Super. 217, 885 A.2d 482, 488 (N.J.App.Div.2005) (quoting <u>Eaton v. Eaton</u>, 37

N.J.L. 108, 113 (N.J.1874)).   Plaintiff, as "[t]he party seeking to set aside the settlement agreement[,] has the burden of proving h[er] incapacity or incompetence to contract or other extraordinary circumstance sufficient to vitiate the agreement." Wolkoff v. Villane, 288 N.J.Super. 282, 291-92, 672 A.2d 242.

The strong public policy in favor of enforcing settlement agreements is "based upon the notion that the parties to a dispute are in the best position to determine how to resolve a contested matter in a way which is least disadvantageous to everyone." Id. at 601; see also Grow Co. v. Chokshi, 403 N.J.Super. 443, 464, 959 A.2d 252 (N.J.App.Div.2008) ("the settlement of lawsuits, as a policy matter, ranks high"). In furtherance of this policy, courts "strain to give effect to the terms of a settlement wherever possible." Brundage, 195 N.J. at 601, 951 A.2d 947 (quotation and citation omitted).

## III.   Discussion

Here, Plaintiff strains to avoid acknowledging that the May 1, 2012 settlement conference resulted in an oral agreement that resolved this litigation.   The record reflects that the parties, in the presence of the Court, engaged in lengthy settlement negotiations and came to an amicable resolution.   (Transcript at 2:19-3:1).   Plaintiff stated, on the record, that: (1) she understood everything that was taking place in court that day; (2) understood "that after today, there will be no trial, there'll be no jury, there'll be no motions, there'll be no more depositions. This puts a final end to this case forever"; (3) did not have any questions of the Court or her counsel; (4) entered into the settlement of her own free will; and (5) was not on any medication or anything that would prevent her from making the decision to settle.   (Id. at 3:2-24).

-4-

Plaintiff, through new counsel, now seeks to rescind the settlement agreement on the basis that Plaintiff did not fully understand the terms of the settlement agreement and that Plaintiff did not represent she understood the terms on the record. (Opposition at 1).[1] Plaintiff does not argue that any fraud, mutual mistake, or other compelling circumstances existing under New Jersey law are present to void the settlement. Furthermore, Plaintiff does not allege coercion, deception, fraud, undue pressure, unseemly conduct, or that Plaintiff was not competent to voluntarily consent. Instead counsel for Plaintiff argues that Plaintiff did not fully understand the terms of the settlement, was under the mistaken impression that Target would be obligated to pay her future medical expenses, and did not know what amount she would be receiving after all medical liens were satisfied. (Id. at 1-3). Plaintiff argues that the Court should rescind the settlement on the basis of fairness and equity of the settlement and because there was not a meeting of the minds. (Id. at 3-4). Candidly, this Court disagrees.

The Court finds that the parties negotiated and reached an agreement on all aspects of this litigation. See Horng Technical Enterprise Co., Ltd. V. Sakar International, Inc., 432 Fed.Appx. 172 (3d Cir. 2011) (where "parties agree on essential terms and manifest an intention to be bound by those terms, they have created an enforceable contract.")); see also (Transcript at 2:19-3:1). The agreement, which was subject to a mutual confidentiality agreement and thus intentionally not detailed on the record, included a monetary component that resolved all past and future claims. (Id. at 4:2-15). No discussion regarding a continued obligation to pay medical expenses was raised before this Court. When questioned on the record directly by the

---

[1]  Counsel for plaintiff should be mindful of any previous agreements made between prior counsel to plaintiff and the Defendant. Notably, that the record was silent on terms based on a mutual confidentiality agreement. The specific terms of settlement, including any monetary amount, were intentionally left off the record. Plaintiff's new counsel must comply with the terms of all previously agreed to confidentiality agreements and maybe be subject to appropriate sanctions for violating the same.

Court, Plaintiff indicated she was aware of everything that took place in court that day, had her daughter present to assist in the settlement discussions, knew that based on the confidential terms agreed to off the record that the matter would be entirely resolved, and entered into the agreement of her own free will.  (Id. at 3:2-24.).

Plaintiff has failed to make the necessary showing to vacate the settlement agreement. That is, Plaintiff has not provided clear and convincing evidence that fraud, mutual mistake, or other compelling circumstances exist to warrant vacating the settlement agreement.  Nolan, 120 N.J. at 472, 577 A.2d 143.  The purported bases raised in Plaintiff's Opposition are insufficient and do not raise to the level of clear and convincing evidence.  See Liberty Mutual Insurance Co. v. Land, 186 N.J. 163, 169-170 (2006) (clear and convincing evidence "should produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.").  Moreover, the litany of self-serving reasons that include that: (1) plaintiff did not understand all the terms of the settlement; (2) was under a mistaken impression that Target would still be liable for future medical expenses; and (3) did not know what amount she would be receiving after all medical liens were satisfied are not supported by the record.

Likewise, no coercion, deception, fraud, undue pressure, unseemly conduct is alleged or apparent from the record.  Furthermore, it was then, and is now, clear to this Court that Plaintiff was competent and capable of voluntarily consent.  Plaintiff testified to this Court that she was aware of the amicable settlement, knew everything that was taking place that day, and did not have any questions of the Court or her counsel.  (See Transcript at 2:19-3:24.)  Thus, Plaintiff represented to this Court that she has the "ability to understand the nature and effect of the act in which [s]he [wa]s engaged, and the business [s]he [wa]s transacting." Jennings, 885 A.2d at 488.

-6-

Moreover, it is Plaintiff's burden to show she was not capable of voluntarily consent.  Based on the record before this Court, Plaintiff has failed to carry that burden.

Because this Court finds that a valid oral settlement agreement was reached and Plaintiff has failed to provide clear and convincing evidence[2] of reason to vacate that settlement, this Court believes the settlement agreement must be given effect.

## IV.   Attorney Fees

Defendant request an award of reasonable attorneys' fees associated with the filing of the Motion (Motion at 11.)  "It is well settled that the inherent power of the court to sanction misconduct by attorneys or parties before the court should be invoked only in extraordinary circumstances to remedy abuse of the judicial process." Lightman, 988 F.Supp. at 466.  The Court finds no extraordinary circumstances present at this time that would warrant an award of attorneys' fees.  Accordingly, Defendant's request should be denied.

## V.   Conclusion

For the forgoing reasons, this Court respectfully recommends that Defendant's Motion be GRANTED as it relates to enforcing the settlement and DENIED as it relates to costs and fees associated with filing the Motion.  Pursuant to L. Civ. R. 72.1(c)(2), the parties have fourteen (14) days from receipt hereof to file and serve objections.

s/ Cathy L. Waldor
**CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**

**DATED: February 22, 2013**

---

[2] Telling of whether Plaintiff has provided clear and convincing evidence of reason to vacate the settlement is the fact that the Opposition papers are less than four pages in length.